# Spetz *v.* Howard, Appellant.

*Justice of the peace—Appeals—Statement—Affidavit of defense.*

Where on an appeal from a justice of the peace, the plaintiff has filed a statement from which a judgment may be liquidated and has served notice of the filing of the statement, and no affidavit of defense has been filed within fifteen days after notice, judgment may be entered against the defendant, and such judgment will not afterwards be stricken off.

*Judgment—Contract—Mental  weakness—Drunkenness—Lunacy.*

A judgment will not be opened on the ground that the defendant was incapacitated on account of habitual drunkenness to make the contract under which the judgment was entered, where no fraud or imposition is shown, and where the evidence is not of such a character as to show that the defendant was entirely incapable of making a contract or transacting ordinary business.

Argued May 18, 1903.  Appeal, No. 71, April T., 1903, by defendants, from order of C. P. Warren Co., June T., 1902, No. 28, discharging rule to strike off judgment, in case of Charles E. Spetz v. D. M. Howard, Guardian of James D. Harris.  Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Appeal from justice of the peace.

The plaintiff's statement showed that the defendants owned timber land and that the plaintiff had agreed to cut the timber into railroad ties and load the same on cars to be furnished by defendant.  The price of the ties was stated.  The statement set forth the number of ties cut.

When the statement was filed defendant was notified of the filing, but did not enter an affidavit of defense.  Judgment was taken against him for default.  Subsequently a rule was taken to strike off the judgment.

LINDSEY, P. J., filed the following opinion :

It was not necessary to move for judgment in open court under the act of May 25, 1887.  The act says : " In an action of assumpsit, judgment may be moved for want of an affidavit of defense or for want of a sufficient affidavit, for the whole or

part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit." It does not say it may be moved in open court, but it "may be moved for want of an affidavit of defense," etc., and the fifth section of Rule 24 of our court rules says : " In all cases where a party is entitled by law or by these rules to judgment by default, except in cases where a motion in open court is especially required, he may move for judgment before the prothonotary by entry on the rule book, and the court shall be considered always open for that purpose, and the prothonotary shall mark the motion granted of course, and enter the judgment accordingly." This judgment was therefore correctly taken by moving for judgment in accordance with said rule.

We think the plaintiff was also entitled to an affidavit of defense. Section one of Rule 7 is as follows : " In cases brought into this court by appeal from justices of the peace, the procedure shall be the same as in cases originally commenced herein." If the case had been commenced in the court of common pleas, there would have been no doubt about the plaintiff's right to have an affidavit of defense, and the rule of court provides that in cases of appeal from justices of the peace the procedure shall be the same as in cases originally commenced in the court. The wisdom of this rule can hardly be questioned. It would be an exceedingly loose practice not to require an affidavit of defense in appeals from justices of the peace.

We also think the notice served on the defendant of the filing of the plaintiff's statement was sufficient to entitle the plaintiff to judgment by default for the want of an affidavit of defense. The act of May 25, 1887, only requires notice that the statement has been filed. The language of the act is as follows : " Unless the defendant shall file a sufficient affidavit of defense within fifteen days after notice that the said statement has been filed, the plaintiff may move for a judgment for want thereof."

We are of the opinion also that the statement filed by the plaintiff was sufficient to justify the liquidation of the judgment by the prothonotary. The statement set forth the contract in clear terms which formed the basis of the plaintiff's claim, and no claim was made for damages in consequence of the defendant's failing to perform his part of the contract. The

judgment was liquidated at the amount stated in the plaintiff's claim to be due him after deducting the value of the labor necessary to deliver the ties upon the cars, which the plaintiff was prevented from doing by the defendant not having furnished the cars. The sixth section of Rule 24 of the court rules provides : " In appeals from the judgments of justices, judgments taken against the defendant by default shall be liquidated from the plaintiff's statement, if one be filed, and if not from the judgment of the justice, with interest added." The amount claimed in plaintiff's statement is exactly the amount of the judgment rendered by the justice of the peace. The rule of court recognizes the amount rendered by the justice of the peace to be the correct criterion for liquidating the judgment. We think the judgment has been correctly liquidated in accordance with the rule of court.

A large amount of evidence has been taken bearing upon the defendant's competency to make a contract or to transact business for himself at the time the contract was made which forms the basis of the plaintiff's claim, and at the time the notice of filing the plaintiff's statement was served upon the defendant. We are unable to say from this evidence that the defendant was so lacking in understanding as to be incapable of making a contract or of transacting business. The evidence shows that his mind had become affected and very much enfeebled by excessive drinking and perhaps from other causes, and at times he was possibly not in condition to transact business intelligently. But we cannot say from the evidence that his reason was so impaired as to render him entirely incapable of making a contract or transacting ordinary business, in the absence of evidence of fraud or imposition.

"In the absence of unfair advantage, the drunkenness which will relieve from a contract must be such as utterly deprives a party of his reason and understanding : " Commonwealth v. McAnany, 3 Brewster, 292.

Fraud and imposition practiced upon a person of weak or enfeebled mind, in such manner as to lead him to make an improvident or unconscionable contract, will justify a court in setting it aside. But there is no evidence in this case of fraud or of imposition practiced on the defendant by the plaintiff or any unfair advantage having been taken of him. In order to

strike off this judgment we must find the defendant insane or that there was such an imbecility or unsoundness of mind at the time of making the contract that he did not and could not have an intelligent understanding of it: Nonnemacher et al. v. Nonnemacher et al., 159 Pa. 634.

In Fidelity and Trust Company, Administrator of Margaret Chadwick, Deceased, v. Weitzel, Appellant, the master found that Mrs. Chadwick "was dangerously close to the line that divides the sane from the lunatics." And further found that "the contract alleged was a verbal one, made with a very old woman of very feeble intellect, who had not the slightest advice by any one about entering into such a contract." And still further found that "it is very clear to the master that Mrs. Chadwick did not think she had entered into such contract." Yet the Supreme Court sustained the contract, reversing the master and the court below, the evidence not showing "anything necessarily unconscionable or improvident in the bargain."

The evidence in this case does not show that Mr. Harris was imposed upon or that any unfair advantage was taken of him, and without such evidence we would not be justified in striking off the judgment and thus annulling the contract, especially in view of the fact that the plaintiff had actually performed the labor and executed the contract so far as he was able to do without the cars having been furnished to him by the defendant as required by the contract.

There was some evidence as to the quality of the ties manufactured by the plaintiff, but this would only be applicable to a rule to open the judgment. However, after a careful examination of the evidence on this point we are compelled to say that, under all the evidence, we would not feel justified in opening the judgment.

The rule to show cause why the judgment should not be stricken off is discharged.


*Error assigned* was the order of the court.


*C. W. Stone,* with him *R. W. Stone,* for appellant.


*H. J. Muse,* for appellee.

OPINION BY MORRISON, J., October 5, 1903 :

This was an action begun before a justice of the peace upon a claim for work and labor done under a parol contract, and it came into the court of common pleas by appeal. A careful examination of the plaintiff's declaration or statement of claim, and the notice that the same was filed in the court of common pleas, and that a copy thereof was delivered to the defendant, convinces us that a good cause of action was stated and that the declaration furnished a basis for liquidation, so that under the law and the rules of court the defendant was called upon to file an affidavit of defense. This he failed to do and judgment was regularly entered against him for want of an affidavit of defense. It is alleged and argued that the defendant was incapacitated on account of habitual drunkenness to make a binding contract, but we are not convinced that he ought to be relieved on this ground. We are all of the opinion that the judgment ought to be affirmed. Upon examination of the clear and full opinion of the learned judge of the court below we do not think it necessary to add anything further to what he has said, and upon that opinion the affirmance of the judgment can safely rest.

The assignments of error are all dismissed and the judgment is affirmed.