## Amarnek *v.* Rees, Appellant.

*Appeals—Assignments of error—Case tried by the court without a jury—Exceptions—Rulings on evidence.*

Where a case is tried by a judge without a jury and judgment is entered on conclusions of fact and law found by him, a general assignment alleging error in entering judgment, is not good, if the record shows that no exceptions were taken to the findings of the trial court, and that no points of law were reserved.

An assignment of error to the admission of evidence or to the refusal to strike out testimony will not be considered where no exceptions were taken to the action of the court, and the assignments themselves did not set forth the action of the court as required by Rule 28.

An assignment of error which is a statement of a conclusion, violates Rule 28 and will not be considered.

Part of the opinion of the court quoted in an assignment of error, which is a summary of the conclusions arrived at from a consideration of the evidence, will not be considered where it appears that no exception was taken to such portion of the opinion.

Argued Nov. 13, 1917.   Appeal, No. 79, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1916, No. 99, on case tried by the court without a jury in suit of Abe Amarnek, trading as Abe Amarnek & Company, v. William E. Rees.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a breach of contract for paper hanging.

The case was tried by KNOWLES, J., without a jury.

Judgment was entered for plaintiff for $326.25.   Defendant appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in finding for the plaintiff (ante, p. 7).

2. The learned trial judge erred in allowing the plaintiff to offer testimony that the consideration was $1,-

165 and $965 as stipulated in the written contract, sued on without proof of a mutual mistake on the part of both plaintiff and defendant as to the terms of the written contract sued on (Appendix, pp. 32a, 42a, 43a, 44a, 45a).

3. The learned trial judge erred in refusing defendant's motion to strike out testimony of plaintiff relating to alleged extra work because the written contract provides that the defendant shall not be liable for extra work unless the terms thereof should first be reduced to writing and signed by both parties to the contract (Appendix, p. 43a).

4. The learned trial judge erred in refusing to consider as binding upon both parties clause in the contract that all work must be done to the satisfaction of the defendant (Appendix, p. 6a).

5. The learned trial judge erred in refusing to allow defendant to testify that the work was not done to his satisfaction (Appendix, p. 76a).

6. The learned court below erred in entering final judgment against the defendant on the verdict in favor of the plaintiff (ante, p. 8).

*Michael F. Donoghue,* with him *James M. Dohan* and *Jacob Weinstein,* for appellant.

*Bernard Pockrass,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The appellant asks us to review the action of the court but the assignments of error with the exception of the ninth do not present a record which complies with the rules of court and the practice relating to appeals. The first and sixth are substantially the same and assigns as error the action of the court in finding in favor of the plaintiff. The case was tried before the judge without a jury, no exceptions were taken to the findings of the trial court, no points of law were reserved and the judgment

was entered on conclusions of fact and law appearing in the opinion of the court filed.    The plaintiff exhibited a good cause of action in his statement, the facts were found by the court in his favor and as there was no reservation of any question of law a general assignment alleging error in entering the judgment is not good: Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

The second assignment relates to the admission of evidence but no exception was taken to the action of the court in that respect.    The same objection exists in regard to the third assignment on the motion to strike out the testimony of the plaintiff.    There was not only no exception taken to the order of the court on either of these motions but the assignments do not set forth the action of the court as required by Rule 28.    The fifth assignment is a statement of a conclusion in violation of Rule 28.    The seventh and eighth assignments are not supported by exceptions taken.    The ninth assignment is in proper form but is without merit.    The question was leading and called for a conclusion.    Moreover, the witness testified at considerable length in regard to the defects in the plaintiff's work.

The fourth assignment as amended challenges the correctness of the conclusions of the court on the merits of the case.    The part of the opinion of the court quoted in the assignment is a summary of the conclusions arrived at from a consideration of the evidence.    No exception was taken to this nor is the judgment assigned as error.    The subject is not properly before us but if the case were otherwise there was evidence supporting all of the items in the plaintiff's statement of claim, there was no contradiction of that evidence in important respects, and in so far as there was contradiction the question of the credibility of the witnesses was necessarily one for the consideration of the learned trial judge.    He has disposed of the case on this evidence and there is nothing presented in the record which would warrant a reversal.

Judgment affirmed.