# Smith *v.* Wertheimer et al., Appellants.

*Courts—Municipal courts—Rules—Actions of trespass — Judgment by default.*

The Municipal Court of Philadelphia may not by rule of court authorize the entry of judgment by default, for want of a sufficient affidavit of defense, in actions of trespass.

Under the Act of June 20, 1919, P. L. 515, which amended the Act of July 12, 1913, P. L. 711, creating the municipal court, the practice and procedure in the municipal court is made the same as the practice and procedure in the Courts of Common Pleas of Philadelphia County, except as modified by said Act of June 20, 1919, P. L. 515, and the rules duly adopted by a majority of the judges.

The power of the municipal court is not greater than that conferred upon the several courts of common pleas, and the exercise of that power in the case of all of the courts must be in conformity with the general and special enactment relating to that particular subject. Where the statute prescribes a mode of procedure or practice, that excludes a different mode adopted by the court. Rules of court apply where the matters regulated are not covered by statute.

In the Procedure Act of 1887, as amended by the Practice Act of 1919, judgment cannot be taken by default in an action of trespass and a rule of court is, therefore, invalid which seeks to permit such procedure.

Argued December 16, 1920. Appeal, No. 340, Oct. T., 1920, by defendants, from judgment of Municipal Court of Philadelphia, Dec. T., 1919, No. 159, in favor of plaintiff for want of a sufficient affidavit of defense in the case of Daniel Clark Wharton Smith v. Joseph Wertheimer and Mabel Wertheimer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass for injuries to an automobile. Before MacNEILLE, J.

The facts are stated in the opinion of the Superior Court.

Rule to strike off judgment. The court discharged the rule. Defendants appealed.

*Error assigned* was the order of the court.

*J. Edgar Butler,* for appellants.—Judgment by default cannot be taken in an action of trespass and any rule of court to the contrary is invalid: Corry v. Rail-

road, 194 Pa. 516; Kelly v. Pennsylvania Co., 253 Pa.
553; Marlin v. Waters, 127 Pa. 177; Wilson v. Adams
Express Co., 72 Pa. Superior Ct. 384.

*Lorenzo D. Bulette,* for appellee, cited: Gerlach v.
Moore, 243 Pa. 603; Philadelphia & Reading Co. v. Walton, Prothonotary, 23 Dist. Rep. 535; Emademe v.
Weadick, 69 Pa. Superior Ct. 369; Marlin v. Waters,
127 Pa. 177.

OPINION BY HENDERSON, J., March 5, 1921:

The plaintiff brought an action of trespass against the
defendant in the municipal court. The cause of action
arose from an automobile collision. The plaintiff entered judgment for want of an affidavit of defense fourteen days after service of his statement of claim. An
application was made by the defendant to strike off the
judgment which was refused. From that ruling the defendant appeals. Judgment was entered on the authority of section b of rule 8 of the court which is in the following form: "In actions ex delicto, and in all other
actions where the amount of the plaintiff's damages is
not set forth with certainty in the statement, the plaintiff may take judgment generally for the want of an
affidavit of defense, and then proceed to have his damages assessed by Writ of Inquiry of Damages, etc." We
have a single question therefore—may the municipal
court by a rule authorize the entry of judgment by default for want of an affidavit of defense in an action of
trespass? Such rule was permitted by section 12 of the
Act of 1913, P. L. 711, creating the municipal court.
This section was amended, however, by the Act of June
20, 1919, P. L. 515; the effect of which was to revoke the
express authority to so enter a judgment. The last paragraph of section 1 of the amending statute, however, contains the following provision: "Except as modified by
this act, or by its own rules duly adopted by a majority
of the judges, the practice and procedure in the munici-

pal court shall be the same as the practice and procedure
in the Courts of Common Pleas of Philadelphia County,
as fixed by the acts of assembly heretofore or hereafter
enacted." After the adoption of the amendment, and
pursuant to the authority to establish rules, the court
put in effect new rules among which was one substantial-
ly in the same form as that above recited. The Pro-
cedure Act of 1887 provided for two forms of actions:
(1) Those arising out of contracts express or implied;
(2) Those which had their foundation in a tort. Au-
thority was given therein to enter judgment in actions of
assumpsit for want of an affidavit of defense or for want
of a sufficient affidavit. Special pleading was abolished
and in the action of trespass "not guilty" was made the
only admissible plea. This statute applied to all courts:
Marlan v. Waters, 127 Pa. 177. Under it an affidavit of
defense was not necessary in an action of trespass. The
Practice Act of 1915 was made applicable to the courts
of common pleas of the State, but the Act of June 20,
1919, makes the practice and procedure in the municipal
court the same as that which prevails in the Courts
of Common Pleas of Philadelphia County as fixed by the
acts of assembly heretofore and hereafter enacted. It
would be clear, therefore, that the rule of the municipal
court under consideration could not be made to apply
to an action of trespass, if it were not for the words in
the last paragraph of section 1 of the Act of 1919 above
quoted: "Except as modified by this act, or by its own
rules duly adopted by a majority of the judges, the prac-
tice and procedure in the municipal court shall be," etc.
It has been noticed that this amending statute took away
from the municipal court the authority given in the act
creating the court to enter judgment by default in
actions of trespass. The reference therein to the affi-
davit of defense relates to such affidavit as may be re-
quired by an act of assembly or a rule of court adopted
in harmony therewith. It is contended, however, that
this authority survives in the exception recited. There

is thus presented a situation in which authority clearly committed to the court by the Act of 1913 is withdrawn by the repealing amendment of 1919, and yet is said to be renewed by the exception with respect to court rules in the same enactment. The Practice Act of 1915 provides for an affidavit of defense in actions of trespass as well as in actions of assumpsit, but no authority is given to take judgment by default for want of an affidavit of defense in such action. If the defendant fail to file an affidavit, the case is declared to be at issue, and may be put on the trial docket at once, but no other penalty is provided. The legislature probably had in view the Procedure Act of 1887 which exempted actions of trespass from the operation of the judgment by default provisions relating to actions of assumpsit. Neither at common law nor under the Procedure Act of 1887 was an affidavit of defense necessary in actions of trespass to prevent judgment, nor does the Practice Act give authority to the court of common pleas to enter judgment by default in such action. The purpose of the legislature in the Acts of 1887 and of 1915, as well as in the amendment to the Act of 1913 was to produce uniformity and simplicity in procedure and practice. It is highly improbable, therefore, that it was the intention to incorporate in the latter act a provision which would defeat the principal object of the enactment of the procedure and practice statutes, and restore by implication the power taken away by the same amendment. The power of the municipal court to adopt rules is not greater than that conferred on the several courts of common pleas, and the exercise of that power in the case of all of the courts must be in conformity to the general or special enactments relating to the particular subject. Where the statute prescribes a mode or procedure or practice that excludes a different mode adopted by the court. Rules of court apply where the matters regulated are not covered by statute. The application of this principle is illustrated in Marlan v. Waters, supra, where a rule of

court provided for judgment by default in an action of assumpsit for the amount claimed at any time after twenty days from the return day of the writ unless the defendant shall have filed an affidavit of defense. This rule was inconsistent with the provision of the Procedure Act of 1887 that judgment might be taken in fifteen days after the return day with notice to the defendant of the filing of the declaration. In the latter case, the defendant was entitled to notice; under the rule of court, judgment might be taken without notice. The rule was held, therefore, to be in contradiction of the statute and invalid. The same question was considered in Kelly v. Pennsylvania Co., 253 Pa. 553. There the action was trespass. Under a rule of court, the plaintiff by his attorney entered a rule on the defendant to file a bill of particulars within twenty days. The defendant did not reply to the rule and judgment was taken against him by default, and an order made in the nature of a writ of inquiry for the assessment of damages and costs. This judgment was subsequently stricken off; the court being of the opinion that the rule under which it was taken was valueless. The court held that a bill of particulars under such circumstances was unknown to the common law in England or in this State; that special pleading was abolished by the Act of 1887, and that the only plea in an action of trespass is "not guilty" and on that issue and on it alone, a defendant in an action of trespass is now to meet on the trial the cause of action against him as particularly set forth in the plaintiff's statement. The action of the court below was sustained for the reason that the rule relating to a bill of particulars in an action of trespass was inconsistent with the common law and contravened the Procedure Act of 1887. In discussing the case the court said: "The Act of 1887 in its terms provides that nothing more can be required of him than the simple plea of 'not guilty.'" In Corry v. R. R. Co., 194 Pa. 516, the court sustained the court of common pleas in discharg-

ing a rule for judgment for want of an affidavit of defense where the action was in form assumpsit, but the cause of action arose ex delicto, for the reason that an affidavit of defense was not required in an action of tort; and that the court would look at the cause rather than the form of the action. A consistent and reasonable interpretation of the exception in the amendment to the Act of 1919 makes its application relate to subjects not regulated by statutory law. In thus holding uniformity and consistency are maintained. We are constrained to conclude therefore that the court was in error.

The judgment is reversed and the record remitted to the court below with direction to reinstate the rule to strike off the judgment and make the same absolute. The costs of this appeal to be paid by the appellee.