## Barrett v. Allcutt.

*Practice—Rules of court—Appeals from judgment of justice of the peace.*

1. Appeals from judgments of justices of the peace are governed by the same rules of practice as other actions of the same class instituted in the Common Pleas.

2. A rule of the Court of Common Pleas requiring the plaintiff when he enters a rule for judgment for want of a sufficient affidavit of defence to specify wherein the affidavit is insufficient, applies to appeals from judgments of justices of the peace.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Delaware Co., June T., 1921, No. 1131.

*W. S. Sykes*, for rule; *J. DeHaven Ledward*, contra.

BROOMALL, J., Nov. 6, 1922.—The above suit came into this court by an appeal from the decision of a justice of the peace. The transcript was filed on Sept. 13, 1921. On Aug. 8, 1922, the plaintiff filed a statement of his claim, and on Aug. 14, 1922, the defendant filed an affidavit of defence. A rule was taken by the plaintiff on Sept. 9, 1922, on the defendant for judgment for want of a sufficient affidavit of defence.

The defendant contends that the plaintiff in taking his rule has not complied with our rule of court, which prescribes that in taking a rule for judgment for want of a sufficient affidavit of defence, the plaintiff shall specify the alleged insufficiency of the affidavit, and the plaintiff contends that the rule of court referred to does not apply to this proceeding. We are unable to agree with the plaintiff's contention, which renders it unnecessary for us to pass upon the sufficiency of the affidavit of defence.

Barrett *v.* Allcutt.

By the 4th section of the Act of March 20, 1810, 5 Sm. Laws, 161, 164, it is enacted that the appeal from the judgment of a justice of the peace shall be subject to the same rules as other actions where the parties are considered to be in court.

By the Act of April 9, 1862, P. L. 347, the affidavit of defence law theretofore pertaining to the Common Pleas of Philadelphia, with respect to all actions and appeals, was extended to Delaware County with the special provision with respect to the time of filing the appeals.

It will thus be seen that appeals from magistrates' judgments are classified with other actions and are subject to the same rules.

By section 21 of the Act of June 16, 1836, P. L. 784, 792, entitled "An act relating to the jurisdiction and powers of courts," it is enacted: "Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper; provided that such rules shall not be inconsistent with the Constitution and laws of this Commonwealth."

Similar powers are conferred by the Act of May 24, 1878, P. L. 135. Under these powers the Court of Common Pleas of Delaware County adopted in 1904 the following two rules:

Rules of Court, page 12, section 1: "In all appeals from the judgment of an alderman or justice of the peace, after the appeal has been filed, the proceedings shall be the same as in cases of summons duly issued from the Court of Common Pleas with a return served by the sheriff. After said appeal is entered, the plaintiff shall file the statement provided by the Act of May 25, 1887. Upon serving a copy of his statement as provided by said act, the plaintiff may take judgment by default after fifteen days from the service of such copy."

Rules of Court, page 5, section 9: "If an affidavit of defence shall be filed which the plaintiff shall deem insufficient, he may enter in the prothonotary's office a rule to show cause why judgment shall not be entered notwithstanding said affidavit; and at the same time shall assign and specify, in writing filed, wherein the affidavit is insufficient, and judgment shall not be rendered for any defect in the affidavit which has not been so specified. The plaintiff shall serve a copy of said rule upon the defendant or his attorney, who may file a supplemental affidavit of defence within ten days after such service."

The Act of May 25, 1887, P. L. 271, applies to appeals from justices of the peace: Spets *v.* Howard, 23 Pa. Superior Ct. 420. At all events, this is so where a rule of court makes the act applicable to appeals.

By this act, section 5, judgment may be moved for for want of a sufficient affidavit of defence in accordance with the present practice in actions of debt and *assumpsit.*

By the Practice Act of May 14, 1915, P. L. 483, a plaintiff may take a rule for judgment ·for want of a sufficient affidavit of defence, which is to be disposed of as justice may require.

Of course, rules of court must be in accordance with the law: Marlin *v.* Waters, 127 Pa. 177; Smith *v.* Wertheimer, 76 Pa. Superior Ct. 210.

Our rule of court does not deprive a plaintiff of his statutory right to move for judgment for want of a sufficient affidavit of defence, but merely prescribes how such right shall be regulated in practice.

The plaintiff not having complied with the practice is not entitled to judgment, and his rule for judgment is, therefore, discharged.

From A. B. Geary, Chester, Pa.