## Slavin *v.* Reilly and Roberts, Appellants.

*Contracts—Money paid on account—Failure to perform payment.*

In an action to recover money paid on account of the sale of real estate, a judgment for plaintiff will be sustained, where the evidence, although contradicted, is sufficient to establish that the plaintiff paid the money and that the defendant was not ready to deliver title within the time specified. In such case, a defense that there was an extension raises a distinct issue of fact, and the findings of the court below will be affirmed, where there is sufficient evidence to support them.

Submitted November 22, 1922. Appeal, No. 43, Oct. T., 1922, by defendants, from judgment of the Municipal Court of Philadelphia, Oct. T., 1919, No. 462, in favor of plaintiff in the case, tried by the court without a jury, in suit of Jacob Slavin v. Bernard F. Reilly and Hugh Roberts. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid on account of sale of real estate. Before GORMAN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found favor of the plaintiff in the sum of $565 and entered judgment thereon. Defendants appealed.

*Error assigned,* among others, was the judgment of the court.

*Hugh Roberts,* and with him *William M. Montgomery,* for appellants.

*James Yearsley,* and with him *B. A. Illoway* and *Harry Felix,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff brought this action to recover the cash payment which he had made upon the execution of a contract, under the provisions of which the defendants covenanted to sell and convey to him five properties in the City of Philadelphia. The written contract expressly stipulated for performance, upon the part of the defendant, on or before August 20, 1919, and that time should be of the essence of the agreement, unless extended by mutual consent in writing. The plaintiff averred in his statement that he had been ready and willing to make settlement and pay the balance of purchase money in accordance with the terms of the contract, but the defendants had failed and refused to convey the property to the plaintiff as by the contract required and had refused to return the advance money paid. The affidavit of defense averred that there had been, by agreement in writing, an extension of the time for settlement, that the defendants had been ready and willing to convey within the time fixed by such extension, and that plaintiff had without any reason refused to accept a conveyance and comply with the terms of the contract, and that under the express covenants of the agreement the cash paid in advance by the plaintiff was forfeited. The case was tried in the court below without a jury, the trial judge found in favor of the plaintiff, upon that finding judgment was entered and the defendants appeal.

The first assignment alleges error in the entry by the court of judgment on the findings of the trial judge.

"The plaintiff exhibited a good cause of action in his statement, the facts were found by the court in his favor and as there was no reservation of any question of law a general assignment alleging error in entering judgment is not good": Amarnek v. Rees, 69 Pa. Superior Ct. 487. The practice and procedure in the municipal court is, by the Act of June 20, 1919, P. L. 515, made the same as the practice and procedure in the Courts of Common Pleas of Philadelphia County: Smith v. Wertheimer, 76 Pa. Superior Ct. 210. The defendants had not filed in the court below any exceptions to the rulings of the trial judge. They had not presented to the trial judge any written request for findings of law or fact. They did file what they designated as a motion for judgment non obstante veredicto, assigning reasons in support of such motion. The only reason so assigned which could properly be considered as an exception to the findings of the trial judge was that there was no evidence to support such finding. Without deciding whether such an exception was proper, in the absence of any written request presented to the trial judge for any finding of facts, we are not convinced that the court would have been warranted in sustaining an objection to the finding even if it had been based upon an exception in proper form. It was an undisputed fact that the defendants had not tendered the conveyance required by the contract and, further, they did not within the time have title to one of the properties. The real question in dispute was whether there had been an extension of the time within which they were to convey, and upon that question there was a material and substantial conflict of testimony. The burden was upon the defendants to establish that there had been an agreement upon the extension. The court below would not have been warranted in holding that the finding of the trial judge, upon the issue, was not supported by competent evidence. The assignment of error is overruled. The remaining assignments of error present only the same question and must all be dismissed.

The judgment is affirmed.