Hangelias *v.* Dawson et al., Appellants.

Argued December 13, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Buchanan & Barrickman,* for defendants, appellants.

*William S. Doty,* with him *Robert B. Greer* and *David R. Levin,* for Price Administrator, intervening appellant.

*Myron E. Rowley,* with him *Ralph E. Smith* and *Rowley & Smith,* for appellees.

OPINION BY DITHRICH, J., January 18, 1946:

This appeal involves the interpretation of sections 6(d)(1) and 6(d)(2) of the Federal Rent Regulation for Housing as amended, which require that notice be given before a tenant shall be removed or evicted from housing accommodations.

Plaintiffs' predecessor in title leased the premises in question to defendants on May 25, 1944, from month to month by a written lease containing a warrant of attorney. In March of 1945, plaintiffs bought the premises for their own use and occupancy and the lease was assigned to them. March 21, 1945, they petitioned the Office of Price Administration for a certificate relating to eviction under section 6(b) of the Rent Regulation for Housing, and the certificate was granted, authorizing eviction after June 21, 1945. Defendants, however, failed to pay the rent due May 1, 1945, and instead of proceeding under the certificate issued for their own use and occupancy which would have required them to wait three months from March 21, 1945, or until June 21, 1945, before any action for eviction could be commenced, plaintiffs elected to proceed for non-payment of rent. On June 1, 1945, a written notice was served upon defendants, advising them that if they did not pay the rent for May and June before June 4, immediate steps would be taken to evict them. A copy of this notice was sent to

the Rent Division of the O.P.A. at Pittsburgh. The rent was not paid, and on June 6, fifteen days before plaintiffs could have commenced action under the occupation certificate, judgment was entered against defendants in an amicable action of ejectment. On the same day, a præcipe for a writ of habere facias possessionem was filed. Pursuant to Rule No. 270 of the court of common pleas of Beaver County, a citation was issued notifying the defendants to appear on June 26, 1945. This citation was served on the defendants and upon the O.P.A. Rental Area in Beaver. Section 6(d)(2) of the Federal Maximum Rent Regulation provides that ". . . the landlord shall give written notice thereof to the area rent office . . ." The aforesaid rule of court, adopted by the court at the request of the rent division of the Office of Price Administration, provides, however, that the citation shall be served by the sheriff by mail "upon the officer in charge of the Pittsburgh Defense Rental Area, or such other rental area as may hereafter be established by the Federal Government or its agencies and embracing Beaver County." It is not denied that the citation was received by the intervening appellant in due course. Proceedings were stayed, however, when defendants, on June 23, obtained a rule to strike off the judgment on the ground of non-compliance with the notice requirements. The court below ordered the rule to strike off the judgment dismissed and further ordered that the writ of hab. fa. be quashed. Defendants and Chester Bowles, Price Administrator, O.P.A., as intervening appellant, bring this appeal from the order refusing to strike off the judgment.

Appellants' principal contention is that the record does not show compliance with the notice requirements of the Regulation. Sections 6(d)(1) and 6(d)(2) of the Rent Regulation for Housing, 8 Fed. Reg. 7322, C.C.H., War Law Service, Vol. 4, p. 49,239, promulgated by the Office of Price Administration under the Emergency Price Control Act of January 30, 1942, 56 Stat.

at L. 23, 11 F.C.A. Title 50, Appendix 43, provide in part as follows:

"6(d)(1) Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant. . . .

"Where the ground for removal or eviction of a tenant is non-payment of rent, every notice under this paragraph (d)(1) shall state the rent for the housing accommodations, the amount of rent due and the rental period or periods for which such rent is due. The provisions of this paragraph (d)(1) shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section."

"6(d)(2) At the time of commencing an action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the area rent office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

The precise question that arises in the interpretation of these sections is what is meant by the words, "At the time of commencing an action to remove or evict a tenant, . . ." The intervening appellant earnestly urges that they refer to the confession of a judgment upon a warrant of attorney which, according to his interpretation, is the commencement of an action to evict, and that, therefore, the required notices must be given before the entry of the judgment. The learned court below held, however, that they refer to the actual removal or eviction and not to the preliminary entry of judgment. In so holding, he followed two decisions of the court of common pleas of Dauphin County. In the first of these two

decisions, *Bria et ux. v. Isaacman,* 51 D. & C. 368, in a well-considered and able opinion by President Judge HARGEST, it was held that: "The entry of the judgment is, of itself, neither an 'action to evict' nor an 'attempt' to remove. It may be the first step in such a proceeding. The writ of habere facias possessionem is the action to evict." And in the second, *Adams et ux. v. Strine et ux.,* 51 D. & C. 442, Judge RUPP very succinctly stated: "It must be remembered that here we are dealing with a motion to strike off a judgment . . . Even a cursory reading of section 6(d)(2) indicates that the notice it requires can be given only after entry of judgment; otherwise, how could the number of the case and 'the court in which it is filed' be set forth? Therefore, this provision is not a limitation upon the right to enter judgment." There is no Pennsylvania appellate court decision on the question and we have found only one federal court decision, viz., *Bowles, Price Administrator, v. Rocks et al.,* District Court for the Western District of Pennsylvania, reported in 60 Federal Supplement 653, and relied on largely by appellants. It was there held that a judgment by confession for non-payment of rent was void where defendant had failed to give the notice required under section 6(d)(2) of the Rent Regulation for Housing.

The question is thus raised whether a state court is bound by the decision of a lower federal court in the absence of a United States Supreme Court decision. There are two opposing views on the question. One is that the state courts are bound by the decisions of the lower federal courts on federal questions, and the opposite view is that while such decisions have a persuasive authority, they are not binding on the state courts. The weight of authority clearly is with the latter view, and that is the view we here adopt. See 21 C. J. S. Courts §206, p. 377; *Home Insurance Co. of N. Y. v. Northern Pacific Railway Co.,* 18 Wash.(2d) 798, 140 P. 2d 507, 147 A. L. R. 849, and annotation p. 857; *Pennsylvania*

*R. Co. v. F. E. Mathias Lumber Co.,* 113 Ind. App. 133, 47 N. E. 2d 158, 159.

After a careful review of all the authorities, it is our considered and settled opinion that under Pennsylvania practice, in the absence of a rule of court providing otherwise, it is not necessary to give notice before or at the time of the entry of judgment by confession in an amicable action of ejectment. The entry of judgment is a step preliminary to eviction or removal. The latter action is commenced only when the writ of habere facias possessionem is issued. The manifest purpose of the requirement of notice is to protect the tenant from eviction until the lapse of a certain specified period of time allowed him to procure other housing accommodations, and the giving of notice prior to the issuance of the writ of execution adequately affords the protection contemplated by the Regulation.

The order is affirmed.