## Ridell v. Bartos et ux.

*M. M. Schwartz*, for appellant.
*W. B. Ward*, for appellee.

WINNET, J., September 20, 1946.—Plaintiff has filed a petition to strike off the appeal of defendants from a judgment of possession of premises situate 3643 North Seventh Street, Philadelphia. Plaintiff relies essentially on the waiver of the right of appeal in the lease. Defendants, on the other hand, state that this waiver is no bar in that there was fundamental lack of authority to enter the judgment; the transcript showing

that judgment of possession was entered without the necessary notice to the Office of Price Administration and the certificate from the administrator as required by the Emergency Price Control Act and the regulations pursuant thereto. A provision in a lease by which a lessee waives his right to attack a judgment entered thereunder, does not extend to fundamental lack of authority to enter the judgment: Grakelow v. Kidder, 95 Pa. Superior Ct. 250.

At the time the summons was issued the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, and Rent Regulation for Housing were in force. Section 6(d) (1) and section 6(d) (2) of the regulation, as amended by amendment 67, effective September 15, 1945, required a certificate of the administrator, or notice to him, before a tenant shall be removed or evicted. If all we were concerned with was this requirement, the magistrate's judgment would have to be affirmed. Hangelias v. Dawson et al., 158 Pa. Superior Ct. 370, is definite authority that the Federal Rent Regulation for Housing does not bar the entry of such a judgment. The court said (p. 375) :

"The entry of judgment is a step preliminary to eviction or removal. The latter action is commenced only when the writ of habere facias possessionem is issued."

Judge Dithrich in his opinion (p. 375) distinctly says that this is the rule "in the absence of a rule of court providing otherwise". This leads us to a consideration of any applicable rule of court. Rule 240(8) of the Courts of Common Pleas of Philadelphia County provides:

"Before any proceeding shall be brought for possession, eviction, or by the entry of a judgment by confession in ejectment, in respect of any premises rented as housing accommodations, as defined by the rules and regulations of the Federal Office of Price Administration under the authority of Federal law . . . a

statement in writing showing either that the landlord has secured an administrator's certificate permitting the suit to be brought under sections 6(b)(1) or 6(b)(2) of said regulations, or, if no such certificate has been secured or is required by the regulation, that the notice required by Section 6(d)(1) of said regulations has been given to the said Office of Price Administration."

The Municipal Court does not have a comparable rule. Under the Act of July 12, 1913, P. L. 711, 17 PS §695, our procedure in the absence of our own rule is controlled by the Rules of the Courts of Common Pleas of Philadelphia County See also Smith v. Wertheimer et al., 76 Pa. Superior Ct. 210.

On October 4, 1945, the Board of Judges of the Courts of Common Pleas of Philadelphia County amended the Magistrates' Court Rules of Philadelphia by adopting a rule identical with its own Rule 240(8).

We are of the opinion, therefore, that before a magistrate can enter judgment the requirement of this rule must be met. The Hangelias decision has by its very words ruled out the application of its authority in cases such as the present, where a rule of court has provided that the certificate must be filed *before* any proceeding shall be brought for possession, or *before* the entry of a judgment by confession in ejection. The rule of court provides a more satisfactory procedure in this type of case. It is better to pass on the question preliminarily without subjecting the landlord to the expense of a writ of possession, and the application of a writ of injunction thereafter, or an appeal, which would seem to be the alternatives under the Hangelias case.

The judgment entered by the magistrate was, therefore, defective. Counsel for plaintiff contends, however, that the Emergency Price Control Act, and the regulations and rules under it, have no application for the reason that at the time the judgment of the magistrate was entered on July 19, 1946, the act was not in force. It expired on June 30, 1946, and was not reënacted until July 26, 1946. We are of the opinion, however,

that the expiration of the act could not affect rights which had accrued while it was in force. Section 1 of the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, 50 U. S. C. 901, stipulates the date of termination, "except that as to offenses committed, or rights or liabilities incurred prior to such termination date, the provisions of this Act, and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action or prosecution with respect to any such right, liability or offense".

The same rule would apply without a specific saving provision in the statute. In Chirac v. Chirac's Lessee, et al., 15 U. S. 259, 2 Wheat. 259, Chief Justice Marshall said: "A right once vested does not require, for its preservation, the continued existence of the power by which it was acquired." In Steamship Co. v. Joliffe, 69 U. S. 450, 2 Wall. 450, the court said where a right has arisen on contract, or transaction in nature of a contract, authorized by statute, and has been so far perfected that nothing remains to be done by the party asserting it, repeal of the statute does not affect it or action for its enforcement.

When the proceedings were commenced the act was in force and defendants, the tenants, could rely on their legal possession at that time and the rights they had acquired under the act, which gave them the protection from any eviction without the issuance of a certificate by the administrator or without notice to him.

We have deemed it important to discuss this defense for the reason that even the present Price Control Act is only temporary. Litigants should not be misled because of its temporary nature in neglecting to observe all its requirements and the rule of court under it while it is in existence.

The rule to strike off the appeal from the magistrate's court is discharged.