## Cole, Appellant, *v.* Walter.

Argued October 2, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John P. Vallilee,* for appellant.

*William G. Schrier,* with him *William L. Wilson,* for appellee.

PER CURIAM, October 30, 1946:

The controlling question in this appeal is whether the court below was justified in striking off a judgment in ejectment entered against a tenant upon a confession contained in a written lease. On September 1, 1943, appellant, owner of an apartment, entered into a written lease with the appellee for the apartment for dwelling purposes for the month of September, 1943. The lease contained provisions for renewal and for confession of judgment in ejectment upon its termination or upon default in payment of the agreed rental. Appellee leased the apartment for the use of herself and minor child. At the time of the execution of the lease and the entry into possession, appellee's husband was a member of the

armed forces of the United States. He served until December 4, 1945, when he was discharged, and since then has been a civilian. Appellee refused to surrender possession to appellant on August 1, 1945, after notice that appellant desired to repossess the premises for her own use. On September 6, 1945, judgment in ejectment against appellee and in favor of appellant was entered by confession on the power of attorney contained in the lease. This was done without first obtaining consent of the court. On the judgment a writ of habere facias possessionem was issued but not served. The court below was of the opinion that the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, c. 888, § 300, 54 Stat. 1181, as amended by the Act of October 6, 1942, c. 581, § 8, 56 Stat. 771, 50 U.S.C.A. App. § 530, was applicable, and struck off the judgment as unauthorized.[1]

We are of the opinion that the judgment was erroneously stricken off. The entry of the judgment by confession in an amicable action in ejectment may be a step preliminary to eviction or removal, but the action to evict is commenced only when the writ of habere facias possessionem is issued. *Hangelias v. Dawson et al.*, 158 Pa. Superior Ct. 370, 375, 45 A. 2d 392. The writ of habere facias possessionem was within the control of the court without striking off the judgment upon which it was issued.

The order of the court below is reversed, and the judgment is reinstated.

---

[1] "No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."