## Madish et al. v. Dornburg

*S. P. McConnel*, for plaintiffs.
*Reed & Ewing*, for defendant.

SOHN, J., October 19, 1946.—This matter comes before us on a petition for a rule to show cause why a judgment by confession should not be opened. On February 5, 1940, plaintiffs entered into a lease with defendant for the term of one year, commencing February 1, 1940, and ending January 31, 1941, for a two-story brick building with storeroom on the first floor situate in Industry Township, in this county. The lease contains a provision that if the tenant lawfully occupies the premises after the term, the lease shall be in force for another month and so on from month to month so long as the relationship of landlord and tenant continues. The lease states the premises are to be used only for a storeroom and dwelling.

The declaration avers plaintiffs notified defendant on July 1, 1946, to remove from the storeroom on or before midnight of August 1, 1946. It is further averred that defendant failed and refused to remove from the storeroom and thereby broke the covenant contained in the lease, wherein the tenant agreed to surrender possession thereof.

The confession of judgment in amicable action in ejectment was entered for the storeroom situate on the first floor of a two-story brick building. A writ of habere facias possessionem was issued against defendant for possession of all that certain storeroom on the first floor of a two-story brick building situate on the Beaver-Midland Road, in the Township of Industry, in the County of Beaver and State of Pennsylvania.

The petition to open judgment avers that the premises described in the lease consist of 10 rooms, one of which is a storeroom and the remaining nine rooms are used as a residence. The petition further avers that the rent required under the lease was paid. It is averred that judgment was confessed on the lease and a writ of habere facias possessionem issued without having a citation served on petitioner as required by Rule 270 of this court. It is averred that since the premises consist partly of residential accommodations, plaintiffs were without legal right to have issued a writ of habere facias possessionem without a citation on defendant, and that the action of plaintiffs is in violation of the laws of the United States, and was commenced in violation of the rules of this court.

Plaintiffs filed an answer to the petition admitting the factual allegations in the petition, but alleging that Rule 270 does not apply to nonresidential accommodations. It is further averred that the action is not in violation of any of the laws of the United States, nor of the rules of this court.

A stipulation was filed of record by counsel for plaintiffs and defendant, in which it was stipulated that the premises leased to defendant consist of nine rooms used for residential purposes, and one large storeroom on the first floor of the property. It is also stipulated that defendant tendered $80 rent each month for the months of August, September, and October 1946, which plaintiffs declined to accept because it was

for the entire premises and not for the residential rooms.

The question before the court for determination is whether the writ of habere facias possessionem properly issued without complying with our Rule 270 and without complying with the rent regulations under the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23. We are of the opinion that a writ for possession of nonresidential accommodations may be issued without complying with the provisions of Rule 270, and without complying with the rent regulations for housing promulgated by the Office of Price Administration. Our Rule 270 provides in part as follows:

". . . (a) On all judgments entered on a lease for residential accommodations, where a præcipe is filed for a writ of fieri facias and no writ of possessionem is demanded, before the issuance of said writ, the plaintiff shall file in the office of the Prothonotary an affidavit setting forth that execution is not sought for the purpose of evading the Federal Maximum Rent Regulations and that notice of the entry of judgment and proposed issuance of said writ has been given the Officer in Charge of Pittsburgh Defense Rental Area or such other Rental Area as may hereafter be established by the Federal Government or its agencies, and embracing the County of Beaver.

"(b) Upon the filing with the Prothonotary of a præcipe for writ of habere facias possessionem on a lease for residential accommodations, the Prothonotary shall prepare and issue as of course with said writ of habere facias possessionem a citation requiring the defendant to appear in Court for hearing and file an answer on the Monday, Wednesday or Friday of the week which shall next succeed five days following the service of said citation."

Both sections of the rule refer to a lease for residential accommodations. The lease in the instant case is

for the storeroom and dwelling. The writ is issued for possession of the storeroom. Therefore, the provisions of Rule 270 do not apply to this situation.

The rent regulations promulgated by the Office of Price Administration provide:

"Section 1—This regulation applies to all housing accommodations within each of the defense rental areas."

Section 13—Definitions: (*a*) (6):

"Housing accommodations means any building, structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes."

In 4 C. C. H., War Law Service, par. 49,124-25, it is stated:

"Structures not 'rented or offered for rent for living or dwelling purposes' are not subject to the Rent Regulation. Nevertheless, buildings or structures in which business and dwelling uses are combined may, under some circumstances, be subject to the Regulation."

Section 6(*a*) provides:

"So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, . . ."

The question before us for decision depends upon the interpretation placed on a lease providing for business and dwelling uses. President Judge Hargest, in Bria et ux vs. Isaacman, 51 D. & C. 368, 370, in a situation similar to the facts in this case said:

"It must be borne in mind that these regulations apply to 'housing accommodations,' which are defined as 'rented for living or dwelling purposes'.

"The entry of the judgment is, of itself, neither an 'action to evict' nor an 'attempt' to remove. It may be the first step in such a proceeding. The writ of habere facias possessionem is the action to evict.

"The judgment entered by virtue of the lease must be entered for the whole premises. The præcipe for the writ of habere facias possessionem limits the operation of the writ to that portion of the premises not used for 'living or dwelling purposes'. There are many instances where a judgment is entered and an execution issued for a much less amount. A common illustration is where, upon a breach of the terms of a lease, a judgment is entered for the amount due for the whole term but execution is issued only for the amount of rent due up to the time of the issuance thereof.

"Defendant contends that, inasmuch as the contract is single and indivisible, wherein defendant is obligated to pay a single consideration for the whole of the leased property, plaintiffs have no right to divide it and attempt to secure a portion of it.

"In determining these questions we must consider the reason and spirit of the Emergency Price Control Act and the regulations thereunder. It is a war measure and, to the extent that it authorizes the violation of obligations of contracts and gives to individuals rights that they in peacetimes could not secure, both the statute and the regulations should be strictly construed. Where the equities are wholly on the side of supporting a contract, the court should not be astute to find reasons for striking it down when the matter has little or no relation to the war effort. Both the statute and the regulations should be construed to carry out their reason and spirit and to interfere with contractual right only so far as to effectuate their purpose.

"Defendant agreed 'to vacate on or before March 1, 1944, without further notice'. He now attempts to set aside his contract, in effect seize possession of the property, and continue to hold it in violation of his

agreement, shielding himself behind an act of Congress and regulations pursuant thereto passed in furtherance and protection of the war effort. Of course, if the contract is not divisible and defendant can hold the whole property, although he uses only a part of it for living purposes, he would have to prevail; but since the war effort has little or no connection with this controversy we see no reason why he should have more rights than the clear language of the housing regulations give him, and that is to prevent interference with his living quarters.

"We are not concerned as to how much rent he should subsequently pay for the living quarters; we are immediately concerned with the right of plaintiffs to secure possession of that part of the premises which is not used for living or dwelling purposes."

Judge Hargest's opinion is referred to as a well considered and able opinion by Judge Dithrich in Hangelias v. Dawson et al., 158 Pa. Superior Ct. 370. While the question presented in the instant case was not decided in the case of Hangelias v. Dawson et al., we think the reference thereto supports our opinion in this case.

The Emergency Price Control Act has been declared constitutional as a war measure. The act and the regulations thereunder refer to housing accommodations. Parts of structures not rented for living or dwelling purposes are not subject to the rent regulations. It is feasible for the tenant to occupy the dwelling portion while the business portion is being used by some other person.

The manifest purpose of the requirement of notice is to protect the tenant from eviction until the lapse of a certain specified period of time allowed him to procure other housing accommodations. The act and the regulations do not afford such protection to the occupant of a storeroom. A tenant in a storeroom does not come within the protection afforded an occupant of housing

accommodations. The tenant received the required notice to vacate only the portion of the premises used for business purposes. Neither our rule of court nor the laws of the United States restrict plaintiffs' right to secure possession of the portion of their property used for business purposes.

### Order

And now, to wit, October 19, 1946, the rule issued at the above number and term to show cause why the judgment should not be opened and defendant let into a defense is dismissed. Costs to be paid by Harry H. Dornburg, petitioner.

NOTE.—Cf. Spruce Realty Co. v. Fisgaer, 57 D. & C. 638.