# Pennsylvania Railroad Company *v*. General Crushed Stone Company, Appellant.

*Carriers — Railroads — Bill of lading — Liability for freight charges.*

The bill of lading is the contract between the consignor and the carrier. The consignor is primarily liable for the cost of transportation whether he be the owner of the goods or not. In the absence of an express contract there is no duty upon the carrier to collect charges from the consignee. General directions of the carrier to its agents that transportation charges must be collected before delivery of the goods do not affect this liability on the part of the shipper.

In an action to recover from a consignor the amount due a carrier for a shipment of freight, judgment is properly entered in favor of the plaintiff where the bill of lading expressly charged the consignor with the payment of the freight. The fact that the

charges might have been collected from the consignee does not relieve the consignor from the primary liability to pay.

Argued December 7, 1920. Appeal, No. 280, Oct. T., 1920, by defendant, from judgment of C. P. Northampton County, April T., 1920, No. 212, for plaintiff on case-stated in suit of Pennsylvania Railroad Company v. General Crushed Stone Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Case-stated to determine liability for freight charges. Before MCKEEN, J.

In the case-stated it was agreed that the defendant made certain shipments of stone to H. P. Moore & Co. over the lines of the plaintiff which shipments were completed by delivery to the consignee without any demand having been made for payment of the transportation charges. It appeared that the carrier had standing instructions to its agents that charges for transportation must be collected before delivery of the goods, but the plaintiff denied the right of the defendant to rely upon such instructions since they were solely for the carrier's own protection. Eight months after delivery of the freight had been completed, demand was made upon the consignor to pay the charges. The consignee had meantime been adjudged bankrupt. It was stipulated that if the court should find the defendant liable, judgment should be entered for the plaintiff for the full amount of its claim. Judgment was entered for the plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*James W. Fox,* of *Edward J. and James W. Fox,* for appellant, cited: Central Railroad of New Jersey v. Mauser, 241 Pa. 603; Thomas v. Snyder, 39 Pa. 317.

*Robert A. Stotz,* for appellee, cited: Pennsylvania Railroad Company v. Whitney & Kemmerer, **73 Pa.** Superior Ct. 588.

OPINION BY HENDERSON, J., March 5, 1921:

We regard the question raised on this appeal as decided in Pennsylvania R. R. Co. v. Whitney & Kemmerer, 73 Pa. Superior Ct. 588, and the cases therein cited, to which may be added Blanchard v. Page, 8 Gray 281; Wooster et al. v. Tarr, 8 Allen 270; New York Central R. R. Co. v. P. & H. Coal Co., 286 Ill. 267. The defendant was the consignor. The bill of lading was a contract between it and the plaintiff for the transportation of freight for the compensation agreed on. All of the authorities are to the effect that the consignor, whether the owner of the goods shipped or not, is the party with whom the carrier contracts for the transportation. He creates the bailment and is responsible for the cost thereof. Such a contract may be implied from the mere fact of the delivery of the merchandise for shipment. Nor is the primary liability of the shipper affected by the direction of the carrier to his employees that the charges on shipments must be collected before any part thereof is delivered. The bill of lading expressly charged the owner or consignor with the payment of the freight, and the direction with respect to collection from the consignees was in the interest of the carrier and not a contract relation with the consignor. It was a matter of indifference to the carrier whether the freight was paid by the consignor or the consignees, but the company had the right to adopt such instructions to its employees with reference to the collection of carrying charges as might be convenient or promotive of its interests. The carrier was not prejudicially affected by the knowledge of the shipper that a general direction was given that freight charges if not prepaid should be collected before delivery. In the absence of a contract to that effect, no duty rested on the carrier to collect from the consignee.

It could waive the lien and deliver the freight without collecting the charges. It was to the consignor's interest equally with the carrier's to see that the freight bill was paid. Nothing in the case-stated shows that the carrier constituted itself an agent of the shipper to collect his debts and the fact that such charges might have been recovered from the consignee does not relieve him from the primary liability to pay. The case of Thomas v. Snyder, 39 Pa. 317, stands on its own facts and is not inconsistent with the principle stated in the cases cited. It turned on the fact that the carrier designated a particular person to whom the freight should be paid and that he failed to appear at the time and place when payment should have been made. The question which of two innocent parties should suffer arose in the case and was held to be a question for the jury. Central Railroad of N. J. v. Mauser, 241 Pa. 603, to which reference is made, arose under the interstate commerce law, and that part of the opinion quoted in the appellant's brief is hypothetical. The authorities require us to hold with the court below that sufficient answer has not been presented to the plaintiff's cause of action.

The judgment is affirmed.