# Stern v. Lancaster et al., Appellants.

*Practice, municipal court—Actions of trespass—Affidavits of defense—Judgment by default.*

The Municipal Court of Philadelphia is without authority to enter judgment for want of an affidavit of defense in an action of trespass. It follows that judgment entered by that court, in such

an action, for want of a sufficient affidavit of defense, is erroneous, and must be reversed upon appeal.

Argued October 13, 1921. Appeal, No. 167, Oct. T., 1921, by defendants, from judgment of Municipal Court of Philadelphia, March T., 1921, No. 587, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of Milton Stern, trading as Auto Transit Company, v. Albert E. Lancaster, Sr., and Albert E. Lancaster, Jr. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass. Before CASSIDY, J.

Plaintiff sued to recover $500, the value of an automobile leased to defendants, and alleged failure of the defendants to pay rentals, failure to return the automobile and conversion of the same. The defendants admitted the first two averments of the plaintiff, but set up as a defense that the transaction, while in form of a bailment, was in truth a sale of the automobile to them, and that they, therefore, could not be guilty of a conversion.

Judgment was entered for plaintiff for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* was the judgment of the court.

*Herman C. Flomenhoft,* for appellants.—The Municipal Court of Philadelphia may not, by rule of court, authorize the entry of judgment by default for want of a sufficient affidavit of defense, in actions of trespass: Smith v. Wertheimer et al., 76 Pa. Superior Ct. 210.

*Maxwell Pestcoe,* for appellee, filed no printed brief.

OPINION BY PORTER, J., July 13, 1922:

The plaintiff brought an action of trespass against the defendants in the court below. There was, at that time, a rule of the court below permitting the plaintiff in ac-

tions ex delicto to take judgment for want of an affidavit of defense, and this defendant attempted to comply with that rule by filing such an affidavit. The court subsequently made absolute a rule for judgment for want of a sufficient affidavit of defense. It is proper here to state that this was done prior to the decision of this court holding the rule of court in question invalid, so far as it applied to actions of trespass, because of the provisions of the Act of June 20, 1919, P. L. 515, amending the Act of July 12, 1913, P. L. 711, creating the municipal court. The opinion of our Brother HENDERSON, in Smith v. Wertheimer, 76 Pa. Superior Ct. 210, so clearly states the reasons for holding the court below to be without authority to enter judgment for want of an affidavit of defense in an action of trespass that we deem further discussion of that question unnecessary. The plaintiff not being entitled to judgment if no affidavit of defense had been filed, it necessarily follows that the judgment for want of a sufficient affidavit of defense must be reversed: Bartoe v. Guckert et al., 158 Pa. 124.

The judgment is reversed and a procedendo awarded.