# Baltimore & Ohio R. R. Co. *v.* L. B. Foster Co., Appellant.

*Carriers—Shippers — Demurrage — Liability — Transportation Act.*

Under the Transportation Act the shipper is primarily responsible for the freight and lawful charges including demurrage. A contract of carriage is fully complied with when the delivery is made to the person named by the consignor-consignee.

A carrier who delivers property to a third person, at the direction of the consignor, may collect from the latter any freight or demurrage charges which have accrued, especially where the order to deliver was positive, and not conditioned on the prepayment of the demurrage.

Argued April 27, 1923. Appeal, No. 141, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 3020, refusing to allow an appeal from judgment of the county court in the case of the Baltimore & Ohio R. R. Co. v. L. B. Foster Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition to allow appeal from judgment of county court. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The court refused to allow the appeal.

*Error assigned* was the decree of the court.

*Morris G. Levy,* of *Levy & Levy,* and with him *Judson A. Crane,* for appellant.—There was a misdelivery which forfeited the right to collect demurrage: Ferguson v. Chappeau, 6 H. & J. (Md.) 394; Western Transportation Co. v. Hoyt, 69 New York 230; 4 Ruling Case Law 858; Thomas v. Snyder, 39 Pa. 317; Bessemer & Lake Erie R. R. Co. v. Ford C. Co., 273 Pa. 166.

*Clark Miller,* and with him *William Watson Smith* and *Gordon & Smith,* for appellee, cited: Pennsylvania R. R. Co. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186 (1921); Wells Fargo & Co. v. Cuneo, 241 Fed. 727; Phila. & Reading R. R. Co. v. Baer, 56 Pa. Superior Ct. 307; Pennsylvania R. R. Co. v. Descalzi, 59 Pa. Superior Ct. 614 (1915).

OPINION BY KELLER, J., July 12, 1923:

The plaintiff brought this action in the County Court of Allegheny County for the demurrage charges on two carloads of steel rails, consigned by the defendant to itself at Hartland, West Virginia, which had been delivered to one French pursuant to instructions received from the defendant after the cars had been lying at the point of destination nearly two months.

The action was defended against on the ground that the plaintiff had made a misdelivery, by turning the cars over to French without requiring him to prepay the demurrage, in accordance with defendant's instructions.

Unfortunately for the defendant neither its original letter of March 2d, nor its telegrams of March 7th and March 12th, contained specific directions not to deliver the cars to French unless the demurrage charges were prepaid by him, nor instructions as to their disposition in case he refused to do so. The order to deliver was positive, and not conditioned on the prepayment of the demurrage.

It was admitted that the cars were consigned by defendant to itself, that notice of their arrival at Hartland was given the defendant the same day and that it refused to accept delivery or furnish orders for their disposition until delivery was ordered to French; hence want of notice of nonacceptance of the shipment by the consignee, which played such an important part in Davis v. Smutzinger, 281 Fed. 640, is not here present. The correspondence shows that the defendant knew of the demur-

rage charges and recognized them as valid: B. & O. R. R. Co. v. Samuel, 48 Pa. Superior Ct. 274.

Under the Transportation Act, the shipper is primarily responsible for the freight and lawful charges, including demurrage: Wells, Fargo & Co. v. Cuneo, 241 Fed. 727; Pa. R. R. Co. v. Whitney & Kemmerer, 73 Pa. Superior Ct. 588; Pa. R. R. Co. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186; C. C. C. & St. Louis Ry. Co. v. Dettlebach, 239 U. S. 588. The contract of carriage was fully complied with: Bessemer & Lake Erie R. R. Co. v. Ford Collieries Co., 273 Pa. 166; and delivery made to the person named by the consignor-consignee. The defendant's primary liability for the demurrage charges which had been incurred was not affected by its request that plaintiff insist upon French's payment of them. There was no misdelivery.

Recovery in this action is not prevented by section 405, paragraph 2, of the Transportation Act of February 28, 1920, c. 91, Barnes Federal Code Supplement, section 7886. Such defense was not suggested in the affidavit of defense, nor raised in the court below. The purpose of the provision was to prevent unjust discrimination in the payment of freight charges, not to effect their forfeiture.

The assignment of error is overruled and the order of the court of common pleas refusing to allow an appeal from the county court is affirmed at the costs of the appellant.