# Joseph Hoover & Sons Company *v.* Corbin & Bodine, Inc., Appellant.

*Contracts—Assumpsit—Private carriers—Damages—Negligence —Evidence—Motion for new trial after judgment on verdict.*

In assumpsit to recover for loss of goods by private carrier, the only point contested at the trial was whether defendant had been negligent; throughout the trial, the value of the goods was, without objection, assumed to be that laid in the statement of claim. After verdict for plaintiff for the amount claimed, defendant moved for a new trial and for judgment n. o. v. The motion for the new trial was withdrawn and that for judgment n. o. v. was refused. Judgment was then entered on the verdict. Subsequently defendant filed a petition for reargument on a motion for a new trial on the ground that no evidence of the amount of damage was produced at the trial, but neither stating what the damage was, nor otherwise stating any defense to the action.

*Held:* after judgment on a verdict responsive to the issue made in pleadings, as well as to the theory on which both parties presented the case, there was no abuse of discretion in refusing the motion.

Argued October 19, 1923. Appeal, No. 76, Oct. T., 1923, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1921, No. 8110, on verdict for plaintiff, in the case of Joseph Hoover & Sons Company v. Corbin & Bodine, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a contract for the carriage of goods by private carrier. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

168 HOOVER & SONS CO. *v.* CORBIN & BODINE, Appel.

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

Verdict for plaintiff in the amount of $981. Subsequently, the court below overruled a motion for judgment non obstante veredicto and on the same day defendant voluntarily withdrew its motion for new trial. Two weeks later judgment was entered on the verdict. Subsequently, the court below dismissed a petition for a rule upon the plaintiff to show cause why a reargument should not be allowed and a new trial granted. Defendant appealed.

*Error assigned,* among others, was the refusal of the court below to permit a reargument and to grant a new trial.

*Layton M. Schoch,* and with him *Bernard R. Cohen,* for appellant.—There is neither averment or record admission nor proof of damages: New York and Pennsylvania Co. v. N. Y. Central Ry. Co., 267 Pa. 64; Parry v. First National Bank of Lansford, 270 Pa. 556; Corry v. Penna. R. R. Co., 194 Pa. 516; Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Farbo v. Caskey, 272 Pa. 573; Beck v. B. & O. R. R. Co., 233 Pa. 344.

*Josiah H. Marvis,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Plaintiff sought compensation for goods lost in transit by defendant carrier, and has judgment on his verdict. Appellant contends it was entitled either (1) to judgment n. o. v. or (2) to a new trial.

(1) The undertaking to carry was admitted. The defense was that the property was stolen. The jury found the loss occurred in circumstances constituting negligence, which, the record shows, was the single point contested at the trial; it was the duty of the jury to find the fact. Accordingly, neither binding instructions for appellant, nor subsequent judgment n. o. v. would have been proper.

(2) On the day judgment n. o. v. was refused, appellant withdrew its motion for a new trial. Two weeks later, judgment was entered on the verdict. Still later, at the same term, appellant filed what it called a petition for reargument, alleging the trial, the verdict and that motions for a new trial and for judgment n. o. v. had been dismissed; it averred that at the trial "no evidence or proof of damage was produced," and asked the court "to grant a reargument in this case upon a motion for a new trial......" As the motion for a new trial had been withdrawn, the petition, of course, was not accurate; and as the plaintiff already had a judgment regularly entered on the verdict responsive to the issues made by the pleadings, he had a complete adjudication in the court below of the matters in suit, so that there was nothing to be reargued. Even if we consider the proceeding as one to open the judgment, the petition would be insufficient because it alleged no defense to the action nor stated what the value of the goods was. There was no abuse of discretion in dismissing that petition.

Judgment affirmed.

DISSENTING OPINION BY KELLER, J.:

. I am constrained to dissent from the opinion of the majority of the court, because, in my judgment, it would be establishing a dangerous precedent in practice.

Plaintiff's action was to recover the damages it had sustained by defendant's failure to deliver goods entrusted to it for carriage. While in form, ex contractu, it was essentially ex delicto in character. The gist of the action was the negligence of defendant.

When the Practice Act of 1887 was in force it was decided in Corry v. Pa. R. R. Co., 194 Pa. 516, that such an action did not require the filing of an affidavit of defense, although the Act of 1887 (P. L. 272) specifically made it the duty of a defendant in an action of assumpsit to file such affidavit; the court holding that this provision was limited to such actions as were founded on

contract alone and did not include cases in which the cause of action was ex delicto or of a mixed character of contract and tort.

The Practice Act of 1915 (P. L. 483) makes a clear distinction, as respects affidavits of defense, between actions of assumpsit and actions of trespass. In the latter, judgment cannot be taken in default of an affidavit of defense or for want of a sufficient affidavit of defense: Smith v. Wertheimer, 76 Pa. Superior Ct. 210; Stern v. Lancaster, 79 Pa. Superior Ct. 27; and averments in the plaintiff's statement as to damages claimed "need not be answered or denied, but shall be deemed in all cases to be put in issue unless expressly admitted" (section 13).

In Parry v. First Nat. Bank of Lansford, 270 Pa. 556, which was an action of assumpsit based, in part, upon defendant's tort, the Supreme Court, speaking through Chief Justice MOSCHZISKER, said in reference to Corry v. Pa. R. R. Co., supra: "The case last cited was, of course, decided prior to the Practice Act of 1915, but the decision there made is an authority here, because, while the recent statute provides, to a limited extent, for affidavits of defense in actions of tort, there is nothing in it which requires such an affidavit to meet plaintiff's averments in the present case, particularly so far as they relate to the description of the tort itself or the damages suffered," p. 562; and, "That part of plaintiff's claim which falls strictly within the category of assumpsit was sufficiently met by the affidavit of defense, and the remaining parts of the claim, sounding in tort, demand no pleaded reply" (p. 563).

In the present case the plaintiff's statement, in its opening, claimed the sum of $900 with interest from March 11, 1921, and in its closing paragraph alleged: "Wherefore plaintiff brings this suit to recover the sum of $900 with interest as aforesaid." That was all it said on the subject of damages. There was no averment that the goods delivered to defendant for carriage were of the value of $900, or any statement as to their value.

At the trial, plaintiff's entire proof consisted in offering in evidence paragraphs one and two of its statement, which were admitted in the affidavit of defense. Paragraph (1) averred that defendant was a carrier of goods; paragraph (2) that plaintiff delivered to defendant at Philadelphia, on March 11, 1921, three cases of lithographic stones which defendant contracted to carry and deliver to a certain consignee in New York.

Plaintiff did not even offer any proof that defendant had failed to deliver the goods thus received by it for carriage. On this state of the evidence defendant was entitled to the nonsuit which it asked. This being denied, defendant produced evidence, on its own behalf, which justified the submission of the case to the jury on the question of negligence. But not an iota of testimony, of any kind, was produced as to the value of the goods lost or the plaintiff's damages.

Yet the trial judge in his charge took it for granted that the amount claimed in the statement was in evidence under the pleadings, for he said to the jury: "The plaintiff brings this action to recover from the defendant the value of certain merchandise which was admittedly shipped by the plaintiff to the City of New York, the value being placed at $900."

The plaintiff's averment as to the amount of his claim was not in evidence and would not have been admissible if it had been offered. If there had been an averment in the statement as to the value of the goods and it had not been denied in the affidavit, the paragraph of the statement containing it would have to be offered in evidence before it could be considered by the jury: Buehler v. U. S. Fashion Plate, 269 Pa. 428; Farbo v. Caskey, 272 Pa. 573; Bessemer & Lake Erie R. R. Co. v. Ford Collieries Co., 273 Pa. 166, 170; Karnofsky Bros. v. D. & H. Co., 274 Pa. 272, 276; Brown v. Q. C. Cab Co., 274 Pa. 289, 291; Delmont Gas Coal Co. v. Diamond Alkali Co., 275 Pa. 535, 541; though, in my opinion, it would not have been admissible to fix their value, for the gist of

the action being negligence and therefore ex delicto in character, the defendant was not bound to answer averments as to damages: Parry v. First Nat. Bank of Lansford, supra.

In my opinion, the error was too flagrant and too basic to support this judgment and a new trial should have been awarded.

Judges ORLADY and PORTER join in this dissent.