## Chicago, B. & Q. R. R. Co. v. James B. Berry's Sons Co.

*Corporations—Officers—Statement of claim—Oath by officers.*
1. In an action by a corporation, the statement of claim may be sworn to by a person who is the vice-president, secretary and treasurer of the company.

*Carriers—Common carriers—Liability for freight—Consignee.*
2. The consignor is primarily liable to the carrier for freight, whether he is the owner of the goods or not, and irrespective of the failure of the carrier to collect the freight from the consignee.
3. In an action by a carrier against the consignee for freight, the latter cannot allege that the consignor alone is liable.

Statutory demurrer to statement of claim. C. P. Venango Co., Jan. T., 1923, No. 2.

*A. R. & N. F. Osmer*, for plaintiff; *Frampton & Courtney*, for defendant.

CRISWELL, P. J., Nov. 19, 1923.—In the affidavit of defence legal questions are suggested in eight separate numbered paragraphs. By an amendment thereto an additional question is raised, making nine in all. Disregarding the order in which they are assigned, reference is made to the eighth, which charges that the statement of claim, as amended, is not sworn to by a person having knowledge of the facts, as required by section 9 of the Practice Act of 1915. It is sworn to by the vice-president, secretary and treasurer of the plaintiff company, who states that the facts set forth in the statement are true and correct. In Phila. & Reading Coal and Iron Co. *v.* Stambaugh, 26 Dist. R. 275, the plaintiff's statement was sworn to by its secretary, and objection was made thereto. Referring to such objection, Sadler, J., says: "Section 9 of the Practice Act provides that 'it (the statement) shall be sworn to by the plaintiff or some person having knowledge of the facts.' This objection loses sight of the proposition that the affidavit of the officer is the affidavit of the corporation, and that the corporation in this case is the plaintiff.

'An affidavit made by the president, secretary or other proper officer or agent of the corporation in an action where the corporation was a party would be in legal contemplation the affidavit made by such party,' " citing 2 Thompson on Corporations, § 1433. To the same effect is Sherman Lumber Co. v. Hoyt, 19 Luzerne Legal Reg. Reps. 469. Such question must, therefore, be decided against the defendant.

The fourth question raised by the affidavit of defence is that, under section 10 of the conditions appearing on the back of Exhibit "A" attached to plaintiff's statement, being the shipping order or bill of lading, the plaintiff had no sufficient cause of action. This question is also decided against the defendant. It is based on the contention that there is an erasure in the bill or cancellation of the words "to be prepaid," not noted by the agent of the plaintiff company. From an inspection of the bill, it is not so understood; and it follows that the second, third, fifth and sixth questions, which are to the same effect, must likewise be decided against the defendant.

By the seventh question raised in the defendant's affidavit it is charged that the plaintiff's cause of action is barred by the provisions of the Interstate Commerce Act. This proposition was not urged at the argument and the same is not sustained.

The first question raised by the affidavit relates to the alleged insufficiency of the statement as constituting a cause of action against the defendant, while the last question appearing in the amended affidavit of defence charges that the agreement or contract set up in the seventh paragraph of the statement of claim is void under the statute of frauds, for the reason that the promise therein referred to is not in writing.

These two questions may be considered together. They are based on the assumption that the National Oil Company, the consignee, was not only primarily but solely liable for the freight on the car shipped to it by the defendant. But such assumption is not sustained by the authorities. As to who is liable in general to the carrier for freight, it is said in 6 Cyc., 500: "In general, the consignor with whom the contract of shipment is made is liable under the contract for the charges provided for therein. And this liability exists, regardless of whether the consignor is the owner and irrespective of the failure of the carrier to collect the freight from the consignee. Such is the rule in Central R. R. Co. v. Mauser, 241 Pa. 603, and cases therein cited: Pennsylvania R. R. Co. v. Whitney and Kemmerer, 73 Pa. Superior Ct. 588; Pennsylvania R. R. Co. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186. In the latter case it is stated by Henderson, J.: "The defendant was the consignor. The bill of lading was a contract between it and the plaintiff for the transportation of freight for the compensation agreed on. All the authorities are to the effect that the consignor, whether the owner of the goods shipped or not, is the party with whom the carrier contracts for the transportation. He creates the bailment and is responsible for the cost thereof. Such a contract may be implied from the mere fact of the delivery of the merchandise for shipment. Nor is the primary liability of the shipper affected by the direction of the carrier to his employees that the charge on shipments must be collected before any part thereof is delivered." Such being the case, the defendant was not a third party to the contract in question, intervening as a guarantor. He was one of the two original parties thereto, and from his liability thereon he has not been released. Without further citation of authorities, it is concluded that the first and last questions raised by the affidavit of defence must be decided against the defendant.

From George S. Criswell, Jr., Franklin, Pa.