## Chicago, B. & Q. R. R. *v.* Berry's Sons, Appellant.

*Sales—Contracts—Freight charges—Liability of consignor—Affidavit of defense—Insufficiency.*

In an action of assumpsit against a consignor to recover the balance due on freight charges, the lower court properly overruled question of law raised by an affidavit of defense where the statement of claim averred that the consignor had orally agreed to pay the freight if not paid by the consignee, as this was nothing more than a formal averment of a promise to pay that which the law implies from the act of shipping the goods.

The consignor is, ordinarily, primarily liable for the payment of the freight charges, and though acceptance of the goods by the consignee will raise an implied contract on his part to pay the legal freight charges which may be enforced by the carrier, yet this does not relieve the consignor of his primary liability, where such liability exists.

Argued April 15, 1925. Appeal No. 168 April T., 1925, by defendant from order and judgment of C. P. Venango County, January T., 1923, No. 2, in the case of The Chicago, Burlington and Quincy Railroad Company, etc., v. James B. Berry's Sons, a corporation. Before Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Assumpsit to recover balance due for uncollected freight charges. Before Criswell, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*J. V. Frampton,* of *Frampton & Courtney,* for appellant.—When the leading object of the promise or agreement is to become guarantor or surety to the promisee, for a debt for which a third party is to be primarily liable, the agreement, whether made before or after, or at the time with the promise of the principal, is within the statute and not binding unless evidenced by writing: Nugent v. Wolfe, 111 Pa. 471; Lewis v. Lewis Manufacturing Co., 156 Pa. 217; Stouffer v. Jackson, 42 Pa. Superior Ct. 450; Rancil v. Krohne, 31 Pa. Superior Ct. 130. Estoppel is present: Diller v. Brubaker, 52 Pa. 498; Central Railroad Co. of New Jersey v. Mauser, 241 Pa. 603.

*A. R. Osmer,* and with him *N. F. Osmer,* for appellee. —The consignor is primarily liable for the payment of the freight: P. C. C. & St. L. R. Co. v. Fink, 250 U. S. 577; N. Y. & C. R. Co. v. York & Whitney Co., 256 U. S. 406; P. R. R. Co. v. Whitney & Kemmerer, 73 Pa. Superior Ct. 588; P. R. R. Co. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186; B. & O. R. R. Co. v. Foster, 81 Pa. Superior Ct. 304.

OPINION BY KELLER, J., July 9, 1925:

Defendant shipped a tank car of gasoline from Caspar, Wyoming, to National Oil Company, Boston, Mass., over the Chicago, Burlington and Quincy Railroad. The correct freight charges for the shipment were $409.15. By some oversight the railroad collected only $126.79, from the consignee, leaving a balance of $282.36, to recover which the railroad company brought this action of assumpsit against the consignor.

(1) Defendant filed an affidavit of defense raising

a question of law and moved for judgment in its favor, because the plaintiff's statement contained an averment that defendant had, at the time of shipment, orally agreed to assume and pay the freight charges if payment thereof should be refused by the consignee. We are of opinion that the court below rightly refused the defendant's motion. The averment that the consignor agreed to pay the freight if not paid by the consignee, was nothing more than the formal averment of a promise to pay that which the law implied from the act of shipping the car. It is similar to the averment of a promise to pay which the law implies when one buys goods from a merchant, or orders work done by a mechanic. Appellant's contention, in this respect, is answered by the following quotation from the opinion of Mr. Justice BRANDEIS in L. & N. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 67: "Ordinarily, the person from whom the goods are received for shipment assumes the obligation to pay the freight charges; and his obligation is ordinarily a primary one. This is true even where the bill of lading contains, as here, a provision imposing liability upon the consignee. For the shipper is presumably the consignor; the transportation ordered by him is presumably on his own behalf; and a promise by him to pay therefor is inferred (that is, implied in fact), as a promise to pay for goods is implied when one orders them from a dealer." Defendant was, in no sense, a guarantor and is not sued as such.

(2)  Nor do we think the affidavit of defense upon the facts subsequently filed set up a valid defense in law. "The shipment being an interstate one, the freight rate was that stated in the tariff filed with the Interstate Commerce Commission. The amount of the freight charges legally payable was determined by applying this tariff rate to the actual weight. Thus, they were fixed by law. No contract of the carrier could reduce the amount legally payable, or release

from liability a shipper who had assumed an obligation
to pay the charges. Nor could any act or omission of
the carrier (except the running of the Statute of Limi-
tations), estop or preclude it from enforcing payment
of the full amount by a person liable therefor'': L.
& N. R. Co. v. Central Iron & Coal Co., supra, p. 65.
As before stated, the consignor is, ordinarily, primar-
ily liable for the payment of the freight charges, and
though acceptance of the goods by the consignee will
raise an implied contract on his part to pay the legal
freight charges which may be enforced by the carrier
(P. C. C. & St. L. R. Co. v. Fink, 250 U. S. 577; N. Y.
C. R. Co. v. York & Whitney Co., 256 U. S. 406), yet
this does not relieve the consignor of his primary
liability, where such liability exists: 10 Corpus Juris
445, sec. 699, and annotations.

We need not concern ourselves, in this case, with in-
stances where the shipper of goods was not acting on
his own behalf, and this fact was known to the carrier;
or where the parties, with the acquiescence of the car-
rier, agreed that the shipper should not assume any
liability whatsoever for the freight charges, or only a
secondary liability. See P. & R. Ry. Co. v. Interna-
tional Motor Co., 84 Pa. Superior Ct. 582. In the pre-
sent case the defendant shipped the goods on its own
account and signed the shipping order. The contract
between the defendant and National Oil Co., affixed to
the affidavit of defense, under which the shipment was
made, provided that tank cars were to be furnished
by the shipper and deliveries of gasoline were to be
made at Boston, Mass., f. o. b. tank cars; thus requiring
the shipper to pay the freight from the point of ship-
ment to the place of delivery, and fixing its liability as
primary. The case, therefore, came within the prin-
ciple recognized in Central R. R. of N. J. v. Mauser,
241 Pa. 603; P. R. R. Co. v. Whitney & Kemmerer, 73
Pa. Superior Ct. 588, 593, 594; P. R. R. Co. v. General
Crushed Stone Co., 76 Pa. Superior Ct. 186; B. & O.

R. R. Co. v. Foster, 81 Pa. Superior Ct. 304; and kindred cases, which sustain the liability of the shipper, in such circumstances, to the carrier for the lawful freight rate.

The assignments of error are overruled and the judgment is affirmed.