## Williams & Co. v. Orlando.

*Practice, C. P.—Judgment for want of an appearance—Damages—Assessment of—Acts of June 13, 1836, and March 10, 1921.*

1. Judgment for want of an appearance may be entered under section 33 of the Act of June 13, 1836, P. L. 578. The Practice Act of 1915, as amended by the Act of March 10, 1921, P. L. 16, does not repeal any of the provisions of the Act of 1836.

2. The prothonotary has no authority to enter judgment for a sum certain for want of an appearance in an action of trespass where the damages are unliquidated; damages must be assessed either by a writ of inquiry or under the Act of May 22, 1722, 1 Sm. Laws, 144.

*Judgment—Opening—Petition—Defence on merits.*

3. A judgment will not be opened where the petition contains no reference to the merits of the case, and no defence on the merits is found in the depositions.

Rule to strike off judgment and rule to open judgment. C. P. Northampton Co., Feb. T., 1923, No. 116.

*Orrin Serfass,* for plaintiff.

*Russell C. Mauch* and *Wm. Freed,* of the Bucks County Bar, for defendant.

STEWART, P. J.—This is a rule by the defendant on plaintiff to show cause why a judgment should not be opened. The record also shows that a prior rule to strike off the judgment had been granted. There is nothing on the record to show that that rule was disposed of, although it was stated at bar that it had been discharged. We have a right to enter a rule of our own motion, and in the disposition of this case we shall treat the matter as if the rule to strike off the judgment was also pending. The record shows that a summons in trespass issued; that the writ was served on the defendant; and that "Feb. 21, 1923, præcipe for judgment for want of appearance filed. *Eo die,* damages assessed by the prothonotary at sum of $400. Judgment entered in favor of plaintiff and against defendant for said amount." The learned counsel for the defendant now insists that there was no authority in law for the entry of a judgment for want of an appearance. He cites two cases as sustaining his contention—Smith *v.* Wertheimer et al., 76 Pa. Superior Ct. 210, and Stern *v.* Lancaster et al., 79 Pa. Superior Ct. 27. Each of the above cases was an action of trespass. Judgment in those cases was taken for want of a sufficient affidavit of defence. The suits were brought in the Municipal Court of Philadelphia. We are unable to see their application to the present suit. In this case plaintiff was entitled to a judgment for want of an appearance under section 33 of the Act of June 13, 1836, P. L. 578, which provides as follows: "If the defendant in any writ of summons as aforesaid shall not appear at the return-day thereof, and the officer to whom such writ was directed shall make return that it was served upon the defendant ten days before the return-day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect." That that was proper is conclusively shown by the opinion of Judge Stotz in Bethlehem Trust Co. *v.* Strauss, 18 Northamp. Co. Repr. 272 [3 D. & C. 599], the syllabus of which is as follows: "The Practice Act of 1915, as amended by the Act of March 10, 1921, P. L. 16, does not repeal, nor are any of its provisions inconsistent with, section 33 of the Act of June 13, 1836, P. L. 578, which provides for the entry of judgment for plaintiff for default of appearance by defendant at the return-day, and a rule to strike off such judgment, when it appears that the defendant was served with the writ of summons ten

days before the return-day, that the plaintiff filed his statement of claim, and that the defendant failed to appear at the return-day, will be discharged." So much of the judgment entered as assesses the damage is improper and irregular and must be stricken off. The court has power to do this, as the entry of judgment was the act of the court's officer: Finch *v.* Lamberton, 62 Pa. 370; Campbell *v.* Floyd et al., 153 Pa. 84. Judgment for want of an appearance, however, stands. The other matter is the rule to open the judgment. Defendant's contention is that this judgment should be opened and the defendant let into a defence. His argument in the brief is: "The opening of judgments are directed to the equity side of the court and are founded upon the elementary principles of equity and justice. It needs no citation of authority for the legal proposition that courts are liberal in opening judgments by default, even when the parties are, or their counsel have been, neglectful." No authorities are cited in the brief. Our court rule, part of section 185, is as follows: "Applications to open judgments for default shall be accompanied by an answer to the complaint in cases where an answer is required; in other cases the petition shall disclose the nature and character of the defence as full[y] as in an answer." The petition in the present case contains no reference to the merits of the case, and we have read the depositions, which are quite full, and we have found nothing in them as to any defence. The whole purport of the depositions, from the defendant's standpoint, would be an attempt to explain his gross neglect in this case, by alleging that the neglect was not his, but that of an insurance company that, as we read the depositions, does not even acknowledge liability to the defendant. Whether, as a matter of fact, it is liable to him, we know not, but it is patent that the insurance company is not a party to this suit. From the depositions it would appear that the defendant was treated with great consideration by the attorney for the plaintiff. He was notified of the claim, paid no attention to the matter except to go and see the agent of the insurance company, and it would appear here that the neglect, if there was neglect, was not in the local office of the insurance company. With the insurance people the defendant seems to have been quite active, but in the suit itself he was most neglectful. It may be that he does not understand English, but it is no excuse for a man, when he is notified of a suit and receives a letter from an attorney, to pay no attention to it, and when he receives a summons from this court, through the sheriff, to pay no attention to that. The record in this case shows that the letter was sent in November, 1922. Suit was commenced Feb. 1, 1923. Judgment was entered Feb. 21, 1923. Appearance for defendant was entered March 27, 1923. Petition for rule to strike off judgment was entered Oct. 22, 1923. Under these circumstances, nothing would justify a chancellor in opening this judgment and letting the defendant make a defence on the merits. The next question is as to the position of the plaintiff. It would appear that the plaintiff can have either a writ of inquiry to the sheriff or he can proceed under the Act of May 22, 1722, 1 Sm. Laws, 144. The course is optional with him. See Wright *v.* Crane, 13 S. & R. 447; Kohler *v.* Luckenbaugh, 84 Pa. 258. Our court rule, section 218, provides as follows: "In actions of *assumpsit,* where the demand is for a sum certain, or which can be made certain by calculation merely, the prothonotary shall determine the amount of the judgment in conformity with the 'Practice Act, 1915.' In all other cases the cause shall go on the trial list, in the same order as if no judgment had been entered, to have the damages assessed." We think that rule of court applies to the present case, and unless the plaintiff objects by issuing a writ of inquiry in a reasonable time, we shall follow that rule in our

order. It was evidently passed to carry out the spirit of the Act of May 22, 1722, 1 Sm. Laws, 131, 144.

And now, July 7, 1924, the prothonotary is directed to strike from the record the assessment of damages made by him. Judgment in favor of the plaintiff and against the defendant for want of an appearance to stand. Rule to show cause why judgment should not be opened is discharged, and the prothonotary is directed to place this case on the next trial list to inquire of the damages and costs sustained by the plaintiff in said action.

From Henry D. Maxwell, Easton, Pa.