C. & N. Rwy. Co., Appellant, *v.* Picard et al.

Argued October 22, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Chas. Myers,* of *Barnes, Biddle & Myers,* for appellant.—When the set-off and counter claim alleged by a defendant is deemed insufficient the plaintiff may petition for a rule for want of a sufficient affidavit of defense: O'Neil v. Burnett, 263 Pa. 216; Gross v. Machine Works, 277 Pa. 363; National Deposit Bank v. Mawson, 46 Pa. Superior Ct. 85.

*Isaac Hassler,* and with him *Thomas E. Waters,* for appellee.—An affidavit of defense which on its face clearly sets forth a prima facia defense is sufficient: Andrews v. Packing Company, 206 Pa. 370; Rose v. Kadisho, 215 Pa. 69; Brown v. Gourley, 214 Pa. 154.

OPINION BY KELLER, J., January 29, 1930:

Defendant, the consignee under an order bill of lading of a car of bran, notified the plaintiff in writing to reconsign the shipment to his, defendant's, own order at Milford, Delaware, Pennsylvania Railroad delivery, "Notify J. E. Holland;" and in the reconsignment order requested the plaintiff company to "prepay freight and all charges." The plaintiff did so, the car was delivered as ordered, and the plaintiff brought this action for the freight charges.

Defendant seeks to escape payment by averring in his affidavit of defense that on March 6, 1924, two days after he sent the reconsignment order above mentioned, he wrote the plaintiff company asking it to cancel his instructions as respects forwarding the shipment on a prepaid basis and allow it to move "with all charges to follow the car, collecting same at its destination from the consignee in the usual and customary manner." In his affidavit he calls this letter a cancellation of his prior request for prepayment of freight, but apparently overlooks that when the railroad company agreed to the terms of his reconsignment order and started the movement of the freight thereunder it became a contract, whose conditions or terms of payment he could not cancel or change without its consent, and he does not aver in his affidavit that such consent was ever given. It was a matter on which the parties were free to contract, subject to the rule which prevents discrimination: L. & N. R. R. v. Central Iron Co., 265 U. S. 59, 65.

As respects the reshipment the defendant was the consignor. The shipment was not made on a straight

bill of lading to a named consignee, but on a negotiable or order bill, deliverable to defendant's order. The points of difference between the two are set forth in Utley v. Lehigh Valley R. R., 292 Pa. 251, 254. Naming a "notify party" does not make him the consignee: Davis v. Richardson, 87 Pa. Superior Ct. 205, 209; Ammon v. I. C. Ry., 139 N. W. 819 (Minn.). The Act of Congress provides, "The insertion in an order bill of the name of a person to be notified of the arrival of the goods shall not limit the negotiability of the bill or constitute notice to a purchaser thereof of any rights or equities of such person in the goods." Act of August 29, 1916, c. 415, Sec. 7, 39 Stat. 539; U. S. Code, Title 49, Sec. 87. In so far as there is a consignee in an order bill, the defendant himself was the consignee, for delivery was to be made to him, if in possession of the bill, or to such person as might hold the bill "indorsed to him or in blank by the consignee, [i. e. by this defendant] or by the mediate or immediate indorsee of the consignee": Act of August 29, 1916, supra, Sec. 9; U. S. Code, Title 49, Sec. 89. Defendant did not even aver that the letter of March 6th had been received by plaintiff before the shipment had begun to move under the order and contract of March 4th. A contract of shipment is executed when delivery is made, not when transportation is begun.

There was in this case, therefore, not only the primary liability for freight charges ordinarily attaching to a consignor who makes a shipment of his goods, (P. R. R. Co. v. Whitney & Kemmerer, 73 Pa. Superior Ct. 588; Pa. R. R. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186; C. B. & Q. R. R. v. Berry, 86 Pa. Superior Ct. 1), but also a definite request by the defendant that the plaintiff should prepay the freight, acquiesced in by the plaintiff, and acted upon by it, by the terms of which the plaintiff was to look to the defendant for payment of the freight, permitting delivery to be made to the holder of the bill free of

charges. That the plaintiff had a right to make such a contract or agreement is seen from the opinion in L. & N. R. R. v. Central Iron Co., supra, p. 66, where it was said "The carrier was at liberty to require prepayment of freight charges; or to permit that payment to be deferred until the goods reached the end of the transportation: Wadley Southern Ry. Co. v. Georgia, 235 U. S. 651, 656. Where payment is so deferred, the carrier may require that it be made before delivery of the goods; or concurrently with the delivery; or may permit it to be made later. Where the payment is deferred, the contract may provide that the shipper agrees absolutely to pay the charges." In our case there are present the two circumstances which were held wanting in that case, (p. 68): (1) the express agreement by the shipper to pay the freight charges; (2) the shipment of the goods deliverable on the defendant's order.

There is nothing in the affidavit which by reasonable intendment can be construed to amount to an averment of payment. If the defendant claims to have himself paid these freight charges he is held to the duty of saying so and disclosing the facts in detail in his affidavit; if it is claimed that a third party, as the holder of the bill of lading, paid the charges when delivery of the car was made, the defendant must make a definite averment to that effect giving such details as are within his knowledge. No such definite statement is contained in this affidavit.

We are all of opinion that the affidavit is insufficient to prevent judgment.

The assignment of error is sustained. The order is reversed, and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.